**ROSE BARGE LINE, INC., Appellant,**

v.

**William (Billy) HICKS, Appellee.**

**No. 19706.**

United States Court of Appeals
Eighth Circuit.

Jan. 13, 1970.

Douglas C. Wynn, Greenville, Miss., for appellant.

D. A. Clarke, McGehee, Ark., and William H. Drew, Lake Village, Ark., for appellee.

Before GIBSON, LAY and BRIGHT, Circuit Judges.

GIBSON, Circuit Judge.

In this diversity case plaintiff, Rose Barge Line, Inc., seeks to recover on an oral contract for the sale of damaged corn delivered to the defendant, William (Billy) Hicks, at Greenville, Mississippi.

The corn was damaged while in transit on the plaintiff's barge near St. Louis, Missouri. The oral contract of sale was made in St. Louis, Missouri. It provided that the defendant would purchase of the plaintiff 28,600 bushels of the damaged grain for $18,590.00 with delivery to be made at Greenville, Mississippi. Such delivery was made July 13, 1964, but apparently the defendant failed to pay for the grain. Plaintiff waited until August 27, 1968 to file suit against the defendant, who was at that time a resident of the State of Arkansas.

The trial court sustained a Motion to Dismiss under Rule 12(b), Fed.R.Civ.P., on the ground that the cause of action was barred by the applicable Arkansas statute of limitations. We affirm.

Plaintiff's main contention is that the trial court erred in applying the Arkansas statute of limitations rather than either the Missouri or Mississippi statute of limitations.[1] Plaintiff also complains about insufficient notice under Federal Rule 6(d), Fed.R.Civ.P., and questions the validity of Local Rule 8(a) of the Eastern District of Arkansas, which provides that unless otherwise ordered, motions shall be submitted and determined upon the record and supporting memoranda, without oral argument.

■ Guaranty Trust Company v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L. Ed. 2079, 160 A.L.R. 1231 (1945), held that under the *Erie* doctrine a federal court in diversity cases must apply the state statute of limitations in an action to recover upon a state created right. In diversity cases containing conflicts of law issues the federal court must follow the conflicts rules prevailing in the forum state. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). The Arkansas choice of law rule as to the application of the statute of limitations is that the law of the forum controls. Pierce v. Stirling, 225 Ark. 108, 279 S. W.2d 840, 842 (1955). This is dispositive of the limitations issue and the Arkansas statute of limitations controls.

■ The Eastern District of Arkansas, by its Local Rule 8, has dispensed with all hearings on motions unless otherwise ordered. This local rule is expressly permitted by and complementary to Rule 78, Fed.R.Civ.P., which in pertinent part, states:

"To expedite its business, the court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition."

Adoption of the local rule dispensing with hearings makes irrelevant and meaningless the notice of hearing required by Rule 6(d), Fed.R.Civ.P., unless the District Court expressly orders a hearing on a motion.

In this case the defendant did not give any notice of hearing as no hearing date was set. However, the defendant did mail to the plaintiff a copy of the motion with the supporting papers and the indicated filing date. The plaintiff thus had actual notice of the motion and full opportunity to respond thereto. Since no hearing date was set under the procedure adopted by the District Court, no notice thereof could be given and none is contemplated under this type of procedure.

■ Plaintiff's contention that Local Rule 8 is inconsistent with Federal Rules 6(d) and 7(b) is on its face erroneous. The local rule is based upon the specific authority of Federal Rule 78, and is complementary to and not repugnant to the Federal Rules of Civil Procedure.

---

1. We assume, without deciding, for the purpose of this opinion that the cause of action here asserted would not be barred under either the Missouri or Mississippi statute of limitations.

Plaintiff also contends that the defendant failed to comply with Local Rule 8(b) requiring the moving party to serve and file with his motion "proof of the notice of filing and service thereof." E.D.Ark.R. 8(b). This contention appears to be but a matter of semantics for the defendant sent plaintiff's counsel a copy of the motion with an accompanying statement of the date of filing of the motion and then affixed a "Certificate of Service" on the motion filed with the court.

The actual receipt of a copy of the motion and notice of the date of filing together with the affixation of a Certificate of Service on the original motion constitutes substantial compliance with Local Rule 8. Since the plaintiff received actual notice, it certainly has suffered no prejudice by the terminology used in indicating how service was made.

The order of dismissal is affirmed.