# ROY SCHWARTZ v. CONSOLIDATED FREIGHTWAYS CORPORATION OF DELAWARE AND ANOTHER.

221 N. W. 2d 665.

August 2, 1974—Nos. 44158, 44281, 44509, 44525.

*Fletcher, Dahl & Riedy, John F. Fletcher,* and *Fitch & John-son,* for plaintiff.

*Cousineau, McGuire, Shaughnessy & Anderson* and *Robert J. McGuire,* for Consolidated.

*Thompson, Hessian, Fletcher, McKasy & Soderberg* and *George M. Roehrdanz,* for Spector.

Heard before Sheran, C. J., and Peterson, Kelly, and Yetka, JJ., and considered and decided by the court.

YETKA, JUSTICE.

Plaintiff brought an action to recover for personal injuries sustained in a three-truck accident in the State of Indiana allegedly due to the negligence of the defendants, Consolidated Freightways Corporation of Delaware and Spector Freight System, Inc. Trial before a jury was commenced in Hennepin County District Court on November 20, 1972. Prior to submission of the case to the jury, the court ruled, as a matter of law, that the Indiana rule of contributory negligence would apply rather than the Minnesota comparative negligence provision, Minn. St. 604.01. However, at plaintiff's request the case was submitted to the jury in the form of special interrogatories requiring percentage apportionment of negligence attributed to each party. The jury returned a verdict finding defendants 90 percent negligent and plaintiff 10 percent negligent. In its conclusions of law, dated December 4, 1972, the court denied recovery to plaintiff based on the aforesaid ruling that the Indiana law of contributory negligence applied to this case. Plaintiff appeals from the judgment. Consolidated Freightways and Spector Freight appeal from an order of the district court denying their motions to amend or set aside certain answers to special interrogatories.

The same order dismissed without prejudice motions of the defendants for judgment n. o. v. or a new trial in the event this court determines that comparative negligence applies.

Affirmed in part, reversed in part, and remanded.

The case at bar arises from a collision involving three semi-tractor-trailer units which occurred on the Indiana tollway.

One vehicle involved in this collision was owned by defendant Consolidated Freightways and driven by an Indiana resident. His codriver was a resident of Ohio. The unit was garaged and maintained in Ohio, but the tractor was licensed in Delaware. Neither the tractor nor the trailer was licensed to operate in Minnesota. At the time of the accident this unit was making a run from Akron, Ohio, to Chicago, Illinois, and was to return to Akron.

A second vehicle involved in the collision was leased to defendant Spector Freight System, Inc. This unit was owned and operated by an Ohio resident and maintained and garaged in Ohio. At the time of the accident, this vehicle was delivering a shipment from Cleveland, Ohio, to Kenosha, Wisconsin.

Both Consolidated and Spector are foreign corporations to the State of Minnesota. However, both operate in interstate commerce and are licensed to do business in Minnesota.

The third vehicle involved in the collision was owned by Northern Cooperative, Inc., of Wadena, Minnesota, and driven by plaintiff. Plaintiff and his codriver had left Wadena to deliver commodities to Toledo and Columbus, Ohio. Thereafter they had picked up a load in Barberton, Ohio, and were en route back to Wadena when the collision took place. Plaintiff is a lifelong resident of Minnesota and currently resides in Wadena. His codriver is also a Minnesota resident. The semi unit belonging to plaintiff's employer is licensed, maintained, garaged, and registered in Minnesota.

The collision in question occurred at approximately 5:05 a. m., November 20, 1964, in the westbound side of the Indiana tollway, near the city of Elkhart, Indiana.

The Consolidated vehicle had stopped behind a line of traffic in the right-hand lane due to a stoppage of some sort, resulting from causes which do not appear on the record. The Consolidated driver testified that his warning lights and four-way flashers were in operation at that time. The evidence as to whether this driver had set out flares or fuses is disputed.

The weather conditions at the time of the accident were disputed.

The Spector vehicle then approached the stopped Consolidated unit from the rear and came to a stop directly behind said vehicle.

Plaintiff had been following the same route and traveling in the same lane as defendants' trucks. As he approached them from the rear at a speed of 45 to 50 miles per hour, plaintiff began to pull out into the left-hand lane to pass. He struck the rear of the Spector vehicle, driving it into the rear of the Consolidated unit.

Plaintiff was severely injured and received initial medical treatment at a hospital in Elkhart, Indiana. He was then transferred to a hospital in Wadena. Plaintiff has also spent time in a Fargo, North Dakota, hospital in order to receive medical treatment for his injuries.

The issues on this appeal are:

1. Does the Indiana law of contributory negligence or the Minnesota comparative negligence provision apply to the case at bar?

2. Does the evidence support the verdict?

■ Plaintiff places principal reliance on this court's decision in Milkovich v. Saari, 295 Minn. 155, 203 N. W. 2d 408 (1973). He urges that the considerations set forth in that opinion are applicable to the case at bar, both in terms of advancement of the forum's legitimate governmental interest and application of the better rule of law.

Defendants take the view that the facts relevant to this choice-of-law question mandate application of Indiana law in this case. They allege that the contacts with Minnesota are less signifi-

cant than the contacts with Indiana. They further contend that a "better law" analysis is not applicable to comparative versus contributory negligence, and in any case, such analysis is subservient to the overriding interests of Indiana. Defendants also take the view that there must be a "consistent application of one law" and that plaintiff was forum shopping.

In Milkovich v. Saari, *supra*, this court discussed in detail the recent changes in the choice-of-law rules of this and other jurisdictions. With reference to tort cases it was pointed out that the traditional rule of lex loci delecti has been replaced by the more rational choice-of-law methodology first enunciated by Professor Robert Leflar in his article entitled *Choice-Influencing Considerations in Conflicts Law*, 41 N. Y. U. L. Rev. 267, 279. Adoption of this methodology by this court in Milkovich has in effect replaced the traditional choice-of-law rules with a flexible approach which takes into account policy as well as factual considerations in arriving at a choice of law in a given situation.

As pointed out in Milkovich, only the last two items of Professor Leflar's five-point methodology are relevant to tort cases. These two considerations are: (1) Advancement of the forum's governmental interests and (2) application of the better rule of law.

Advancement of the forum's governmental interests contemplates application both in terms of factual contacts with the forum and in terms of the state's policy considerations relevant to its choice of law.

In Milkovich the only facts linking the forum to the accident were that the accident occurred in this state and that the plaintiff received medical care in this state. Yet, these facts, in concert with policy considerations, were held to create governmental interests on the part of the forum sufficient to support application of Minnesota law, even though the parties were from Ontario and the automobile involved in the accident was, in all respects, linked exclusively to Ontario.

The factual contacts creating a Minnesota interest in the

instant case appear much stronger than those factual contacts present in Milkovich. Here, plaintiff is a lifelong resident of Minnesota and sustained his injuries in the course of his employment as a truckdriver for a Minnesota corporation. The vehicle which he was driving was owned by this Minnesota employer, and was licensed, registered, garaged, maintained, and insured in Minnesota. Plaintiff had a Minnesota driver's license. The excursion which had brought plaintiff to Indiana originated in Minnesota and was to terminate in Minnesota (although the load plaintiff was hauling was to be delivered to Fargo, North Dakota). Plaintiff has received and continues to receive medical care in Minnesota for the injuries sustained in the accident. He currently resides in Minnesota, saddled with crippling physical disabilities arising from the collision. Thus, the economic impact of these injuries and of subsequent litigation will be felt by Minnesota residents. In addition, both defendant corporations, although foreign to Minnesota, are licensed to do business in this state, and presumably exercise this privilege. Minnesota therefore has a clear governmental interest in the outcome of plaintiff's case.

The State of Indiana, on the other hand, has a much less substantial governmental interest. The accident in question occurred in Indiana and plaintiff received initial medical attention in that state. The fact that one of Consolidated's drivers was an Indiana resident is irrelevant since this individual is not a party to the litigation and is therefore not affected by the outcome.

Defendants advance the rather ingenious argument that if the reasoning of Milkovich is applied to the case at bar, then, "obviously, Indiana law would have to apply." However, Milkovich cannot be read as holding that, if the action had been brought in Ontario, an Ontario court could not have applied the Ontario guest statute.

Once jurisdiction attaches, the forum may, subject to the rather minimal due process standards, apply its own choice-of-law rules to determine what law governs the case. Crider v.

Zurich Ins. Co. 380 U. S. 39, 85 S. Ct. 769, 13 L. ed. 2d 641 (1965); Home Insurance Co. v. Dick, 281 U. S. 397, 50 S. Ct. 338, 74 L. ed. 926 (1930). See, also, Professor Leflar's article entitled *States' Rights in Conflict of Laws*, 19 Ark. L. Rev. 142.

Professor Leflar also states in *Choice-Influencing Considerations in Conflicts Law*, 41 N. Y. U. L. Rev. 267, 270, 292:

"* * * The law of the forum F, on choice of law, is the law that courts of forum F will follow.

\* \* \* \* \*

"* * * It is not at all unusual for one state to discover that it has such [governmental] interests in a set of facts though another state's courts would say otherwise."

In the instant case, had the litigation been brought in Indiana, it is possible that courts of that state could cite Milkovich as supporting authority for application of Indiana law. But it is incorrect to cite Milkovich as standing for the proposition that, under identical facts, the Minnesota Supreme Court would apply the law of the site of the accident. Milkovich, by adopting the Leflar methodology, has announced that choice-of-law questions in this state will be decided under flexible standards, free from the traditional rules that demanded resolution of such questions on a pure "contacts analysis." Rather, the Leflar methodology demands that choice-of-law issues be decided, not only upon "contacts," but also on *policy* considerations.

While we hold that Minnesota's governmental interest in this case is sufficient to apply the Minnesota comparative negligence statute rather than the contributory negligence law of the State of Indiana so that we need not decide the case under the better-law rule, we feel compelled to point out that the jury's findings of only 10 percent negligence on the part of plaintiff and 90 percent on the part of defendants, which verdict would compel judgment for defendants under the law of Indiana, does little to convince us Indiana has the better law. Despite the fact the jury found plaintiff's negligence to be relatively slight, the Indiana rule would leave him to bear the entire burden of his severe in-

juries. It is within the ambit of this court's power to find such a result contrary to basic state policy. This court as early as 1938, in commenting on the contributory negligence doctrine, then the law in Minnesota, said:

"No one can appreciate more than we the hardship of depriving plaintiff of his verdict and of all right to collect damages from defendant; but the rule of contributory negligence, through no fault of ours, remains in our law and gives us no alternative other than to hold that defendant is entitled to judgment notwithstanding the verdict. It would be hard to imagine a case more illustrative of the truth that in operation the rule of comparative negligence would serve justice more faithfully than that of contributory negligence." Haeg v. Sprague, Warner & Co. Inc. 202 Minn. 425, 429, 281 N. W. 261, 263 (1938).

Defendants argue that plaintiff was forum shopping. Suffice it to say that the courts of this state are open to those residents and nonresidents alike who properly invoke, within constitutional limitations, the jurisdiction of these courts. In the case at bar, plaintiff is a Minnesota resident who is currently suffering from extensive and severe injuries. It would be at least plausible to presume that Minnesota courts would be plaintiff's logical choice. Further, it is noteworthy that plaintiff did not first bring his action in another state and then later bring suit in this state.

■ The district court properly denied defendants' motions to amend certain answers given by the jury to interrogatories. There is ample evidence in the record to support the jury's verdict.

■ Those portions of the alternative motions seeking judgment n. o. v. or a new trial, which the trial court dismissed without prejudice, do not appear to have significant merit once the sufficiency of the evidence has been determined. However, since the trial court has not ruled on whether a new trial should be granted on the ground of misconduct of counsel, or on the ground that the verdict was excessive, the case must be remanded to the

district court for determinations on renewal of the motions on these two issues alone since we find no error by the trial court on any rulings made heretofore except on the issue, discussed previously, of whether Minnesota or Indiana law should be applied.

Since the accident occurred in 1964, however, and the action was brought in 1969, plaintiff is entitled to a speedy determination of this matter. We remand to the trial court for consideration of the motions for a new trial only on condition defendants renew their motions and file a bond in the amount of the verdict in this case plus interest from the date judgment was initially entered in the district court to the day of the issuance of this opinion. If the bond is not filed within 15 days of the issuance of this opinion, judgment for plaintiff shall be entered.

Affirmed in part, reversed in part, and remanded.

PETERSON, JUSTICE (concurring specially).

I concur in the result, recognizing that the so-called methodology of analysis adopted and applied in Milkovich v. Saari, 295 Minn. 155, 203 N. W. 2d 408 (1973), is elastic enough to support today's decision reversing the contrary conclusions of the trial court.