**Wilbert MEYER, a/k/a W. F. Meyer, Plaintiff-Appellee,**

**v.**

**CHICAGO, ROCK ISLAND AND PA-CIFIC RAILROAD COMPANY, Defendant-Appellant.**

**No. 74–1667.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 10, 1975.

Decided Feb. 3, 1975.

---

Charles A. Flinn, Jr., St. Paul, Minn., for appellant.

---

Douglas E. Schmidt, Worthington, Minn., for appellee.

Before MATTHES, Senior Circuit Judge, and STEPHENSON and WEBSTER, Circuit Judges.

MATTHES, Senior Circuit Judge.

This tort action, filed and tried in the United States District Court for the District of Minnesota, arises from a collision between an automobile owned and operated by plaintiff-appellee and a switch engine owned and operated by the defendant-appellant railroad company. The collision occurred at a railroad crossing in the state of Iowa. Plaintiff sustained severe personal injuries and his automobile was damaged.

With admirable candor, counsel for the railroad company concedes that there is only one issue we are required to decide: "whether a federal district court sitting in Minnesota, and applying Minnesota conflict of laws rules, should apply Minnesota's comparative negligence statute or Iowa's contributory negligence standard to this case."

Under Iowa law, a plaintiff is wholly barred from recovery if his contributory negligence was "a proximate cause of the injury or damage." Iowa Code Annot. § 619.17 (Supp.1974). Under the Minnesota statute, a plaintiff may obtain at least partial recovery for his damages despite his contributory negligence, provided his negligence was not as great as the negligence of the person against whom recovery is sought. Minn.Stat.Annot. § 604.01 (Supp.1974).

Over objections by the company, Judge Lord submitted the Minnesota comparative negligence standard to the jury. By special verdict, the jury found both plaintiff and the company negligent, attributing 60% of the negligence to the company and 40% to plaintiff. The jury also found that the amount which would fairly compensate plaintiff for his personal injuries and damages was $139,775. Guided by its finding that

the company was 60% negligent, the jury found that plaintiff was entitled to recover $83,865. Counsel stipulated that plaintiff was entitled to recover an additional $2,200 for damage to his automobile. Accordingly, judgment was entered for plaintiff in the total sum of $86,065.

▉ It is well established that in a diversity action a federal district court must apply the choice of law rules of the state in which the court sits. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). See, e. g., General Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1216 (8th Cir. 1973), cert. denied, 414 U.S. 1162, 94 S.Ct. 926, 39 L.Ed.2d 116 (1974); Brooks v. Universal C.I.T. Credit Corp., 431 F.2d 238, 240 (8th Cir. 1970); Rose Barge Line, Inc. v. Hicks, 421 F.2d 163, 164 (8th Cir. 1970). Thus, the federal district court was required to apply the Minnesota comparative negligence statute if the Minnesota statute would have been applied had the case been tried in a Minnesota state court.

▉ We conclude that this case is governed by Schwartz v. Consolidated Freightways Corp. of Delaware, Minn., 221 N.W.2d 665 (1974).[1] In Schwartz, the Supreme Court of Minnesota stated:

In Milkovich v. Saari, supra [295 Minn. 155, 203 N.W.2d 408 (1973)], this court discussed in detail the recent changes in the choice-of-law rules of this and other jurisdictions. With reference to tort cases it was pointed out that the traditional rule of lex loci delecti has been replaced by the more rational choice-of-law methodology first enunciated by Professor Robert Leflar in his article entitled Choice-Influencing Considerations in Conflicts Law, 41 N.Y.U.L.Rev. 267, 279. Adoption of this methodology by this court in Milkovich has in effect replaced the traditional choice-of-law rules with a flexible approach which takes into account policy as well as

1. The Schwartz opinion was filed after this case had been tried. In Myers v. Government Employees Insurance Co., Minn., 225 N.W.2d 238 (1974), decided while this appeal was pending, the Supreme Court of Minnesota reaffirmed its intention to adopt the Leflar test.

factual considerations in arriving at a choice of law in a given situation.

As pointed out in Milkovich, only the last two items of Professor Leflar's five-point methodology are relevant to tort cases. These two considerations are: (1) Advancement of the forum's governmental interests and (2) application of the better rule of law. 221 N.W.2d at 668. The court in *Schwartz* went on to hold that the Minnesota comparative negligence statute applied to a truck collision which occurred in Indiana.

We do not believe that a detailed analysis of the policy considerations set forth in *Milkovich* and *Schwartz* is necessary, for the governing facts in the present case are sufficiently similar to those in *Schwartz* that any policy analysis by us would track the opinion in *Schwartz*. Here, as in *Schwartz*, plaintiff was a lifelong resident of the state of Minnesota. On the occasion of the collision, plaintiff and his family were on a short trip into the state of Iowa. As in *Schwartz*, plaintiff here was operating a vehicle, his own, which was licensed, registered, garaged, maintained, and insured in Minnesota. As in *Schwartz*, plaintiff's trip originated in Minnesota and was to terminate in that state. In fact, the collision occurred just three miles from the Iowa-Minnesota border. The railroad company is an Illinois corporation, authorized to do business in Minnesota and Iowa.

Because of the striking similarity between the facts and policy considerations in the present case and those in the *Schwartz* case, we are impelled to sustain the court's application of the Minnesota comparative negligence statute. Indeed, counsel for the railroad company at oral argument tacitly conceded that, under *Schwartz*, there is no sound basis for reversal. Counsel's disagreement with the reasoning of the *Schwartz* opinion is not a rational ground for us to decline to follow that decision. It is hardly necessary to observe that, whatever might be the reservations of counsel about the reasoning of the state choice

of law rule, in a diversity case such as this we are mandated to apply the forum's law on conflicts of law. *See, e. g.,* Universal Underwriters Insur. Co. v. Wagner, 367 F.2d 866, 874 (8th Cir. 1966); Hawkeye-Security Insur. Co. v. Davis, 277 F.2d 765, 769 (8th Cir. 1960).

The judgment is affirmed.