ROY SCHWARTZ v. CONSOLIDATED FREIGHTWAYS CORPORATION OF DELAWARE AND ANOTHER.

237 N. W. 2d 385.

December 19, 1975—No. 45553.

*Cousineau, McGuire, Shaughnessy & Anderson* and *Robert J. McGuire,* for appellant.

*Fletcher Law Offices* and *John F. Fletcher,* for respondent.

PER CURIAM.

On November 20, 1964, plaintiff was injured when the truck which he was driving on the Indiana tollway collided with trucks owned by defendants Consolidated Freightways Corporation of Delaware and Spector Freight System, Inc., of Illinois. Subsequently, plaintiff brought an action against defendants in Minnesota. In answers to special interrogatories, the jury apportioned 10 percent of the negligence to plaintiff and 90 percent to defendants (60 percent to Consolidated and 30 percent to Spector), but the trial court ruled that plaintiff could not recover because the Indiana contributory negligence law applied.

In Schwartz v. Consolidated Freightways Corp. 300 Minn. 487, 221 N. W. 2d 665 (1974), we reversed the trial court and held that the Minnesota comparative negligence law applied. However, we remanded the case to the trial court for a ruling on defendants' motion for a new trial, which was based on allegations of excessive damages and misconduct of plaintiff's counsel in closing argument. The trial court ruled against defendants; and the present appeal, limited solely to the issue of misconduct, followed. After the appeal was filed by defendants, defendant Consolidated and plaintiff apparently reached a settlement and Consolidated was dismissed as a party appellant, but Spector continued its appeal. After carefully considering Spector's appeal, we affirm.

The question of whether a new trial should be granted because of an alleged improper argument of counsel rests almost wholly in the discretion of the trial court, and this court will reverse only for a clear abuse of discretion. Kramer v. Kramer, 282 Minn. 58, 162 N. W. 2d 708 (1968). Defendant has failed to demonstrate that the trial court abused its discretion.

First, there is no indication in the record which defendant has provided to this court [1] that defendant sought corrective instructions before the jury retired. We have held in numerous cases that, in the absence of an argument which is so outrageously flagrant that the trial court should act on its own motion, a party who fails to request corrective instructions before the jury retires waives any later claim that the statements of opposing counsel were so improper as to justify a new trial. See, Pelzer v. Lange, 254 Minn. 46, 93 N. W. 2d 666 (1958).

Second, we cannot determine from the record how strong or how weak each party's evidence was, whether defense counsel overstepped the bounds of propriety, or to what extent the trial court gave corrective instructions. As to the importance of these matters in determining prejudice, see Kramer v. Kramer, *supra*; Colgan v. Raymond, 275 Minn. 219, 146 N. W. 2d 530 (1966); Ellwein v. Holmes, 243 Minn. 397, 68 N. W. 2d 220 (1955).

Third, it is of some relevance that a special verdict was used. In a case involving a claim of misconduct in closing argument, we stated, "By their nature special interrogatories remove from the jury the temptation to exercise or engage in passion, bias, or prejudice. That is one

---

[1] The record on appeal consists of a transcript of the closing argument by plaintiff's counsel and of a statement of the case prepared by the trial court under Rules 110.04 and 110.05, Rules of Civil Appellate Procedure, for the prior appeal.

of the purposes for using special verdicts." Kramer v. Kramer, 282 Minn. 58, 72, 162 N. W. 2d 708, 717.

In summary, we have concluded that although parts of the closing argument of plaintiff's counsel may have been objectionable, defendant has not sufficiently shown the need for a new trial.

Affirmed.