Joe F. WASCHE, Trustee for the Heirs and Next of Kin of Crescentia Grace Wasche, a. k. a. Grace Wasche, Appellant,

v.

Norbert B. WASCHE, Respondent.

No. 47915.

Supreme Court of Minnesota.

July 7, 1978.

Rischmiller, Wasche & Knippel, O. C. Adamson, II, Minneapolis, for appellant.

Cousineau, McGrire, Shaughnessy & Anderson and Peter Van Bergen, Minneapolis, for respondent.

Heard before PETERSON, KELLY, and IRVINE, JJ., and considered and decided by the court en banc.

L. J. IRVINE, Justice.*

On March 27, 1976, Crescentia Grace Wasche (Grace Wasche) was a passenger in an automobile owned and driven by her son, Norbert B. Wasche, the defendant herein. The automobile was involved in a collision in San Mateo County, California. Grace Wasche sustained personal injuries from which she died on May 29, 1976. A wrongful death action was commenced in district court in Hennepin County, Minnesota, on March 12, 1977. Defendant moved the court for an order dismissing the complaint on the ground of forum non conveniens. That motion was granted, and plaintiff appeals. We reverse.

The law with regard to forum non conveniens has undergone some changes during the past 48 years. In 1930, in *Boright v. Chicago, Rock Island & Pacific Railway Co.,* 180 Minn. 52, 230 N.W. 457 (1930), this court determined that the citizens of sister states

---

* Acting as Justice of the Supreme Court by appointment pursuant to Minn.Const. art. 6, § 2, and Minn.St. 2.724, subd. 2.

should be given the same privilege of appearing in our courts and conducting litigation that is enjoyed by the citizens of Minnesota. The court further determined that at least under the circumstances existing in *Boright* where the railroad did a substantial business in Minnesota, the courts of this state should not dismiss actions brought here by nonresidents because it might be more convenient to try them elsewhere. In a ringing dissent, Mr. Justice Stone called that determination "an unnecessary surrender of a part of the judicial power of Minnesota." 180 Minn. 69, 230 N.W. 464. However, the majority opinion in *Boright* reflected the state of the Federal law at that time, under which a case brought pursuant to the Federal Employers' Liability Act (F.E.L.A.) could not be removed from state courts to Federal courts. 45 U.S.C.A. § 56.[1]

In 1948, Congress enacted 28 U.S.C.A. § 1404(a), which reads as follows:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

In *Johnson v. Chicago, B. & Q. Railroad Co.,* 243 Minn. 58, 66 N.W.2d 763 (1954), this court, speaking through Mr. Justice Knutson, construed § 1404(a) as an adoption of the rule of forum non conveniens for Federal court actions and held that the same procedure should be followed when F.E.L.A. actions are brought in Minnesota state courts. The court said:

" * * * As a practical matter, no showing has been made in the case before us that it would not be less expensive to all concerned and also more equitable that the case be tried in the courts of the state where the accident happened. Nor has any showing been made that a competent court is not available in such states." 243 Minn. 74, 66 N.W.2d 773.

However, this court did not hold that trial courts *must* dismiss when another forum is available to the litigants. In his summation in *Johnson,* Mr. Justice Knutson said:

" * * * The district courts of this state may fairly exercise their discretion in declining to accept jurisdiction of transitory causes of action brought here by citizens or noncitizens of this state who are nonresident when it fairly appears that it would be more equitable that the cause of action be tried in some other available court of competent jurisdiction. The discretion of the court is one which should be cautiously exercised in the interest of justice only when it appears that it will be more equitable to try the cause of action elsewhere than here." 243 Minn. 79, 66 N.W.2d 776.

In weighing the equities in the instant case, we find that defendant claims that 13 potential witnesses live in California; that all vehicles involved in the accident bore California license plates; and that the California statute of limitations had not run at the time of the motion. On the other hand, plaintiff maintains that Grace Wasche, the trustee, and 80 percent of the next of kin were lifelong citizens and residents of Minnesota. The memorandum of the trial judge attached to his order granting the motion of defendant reads as follows:

"Defendant's motion has been granted based upon defendant's attorney's statement that the Statute of Limitations has not yet run in the State of California, and that plaintiff will, therefore, be able to commence an action in that state within the period of the statute."

Thus, it appears that the trial judge did not consider any of the other equities in making his decision.

A closer examination of the respective claims of the parties reveals that of the 13

---

1. The act as amended in 1910 provided in part: "Under this chapter an action may be brought in a district court of the United States, in the district of the residency of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States under this chapter shall be concurrent with that of the courts of the several states, and no case arising under this chapter and brought in any state court of competent jurisdiction shall be removed to any court of the United States."

witnesses claimed by defendant most, if not all, would be unfavorable to him. The summaries of the statements made by the witnesses, which were made a part of the record in the trial court, indicate that defendant, for no apparent reason, crossed over the centerline of the highway and struck an oncoming vehicle almost head on. Under the circumstances, it appears more likely that plaintiff, rather than defendant, would wish to call these witnesses to testify at a trial.

In reality, as between the parties to this lawsuit, about the only issue to be litigated is that of damages. In this situation, it would appear to be irrelevant that all of the vehicles involved in the accident had California license plates. It would be relevant and important, however, that practically all of the persons who might have sustained a loss due to the death of Grace Wasche are residents of Minnesota.

Grace Wasche died on May 29, 1976, and the trial judge issued his order dismissing the action on May 18, 1977. On May 24, 1977, he issued his order denying plaintiff's motion to withdraw his order of May 18, 1977. Therefore, technically, the 1-year statute of limitations had not yet run on May 24. However, that was only one of the circumstances which should have been taken into consideration.

In *Schwartz v. Consolidated Freightways Corp.,* 300 Minn. 487, 221 N.W.2d 665 (1974), certiorari denied 425 U.S. 959, 96 S.Ct. 1740, 48 L.Ed.2d 204 (1976), which involved a collision that occurred in Indiana between a truck driven by the plaintiff, a resident and citizen of Minnesota, and two other trucks, one of which was driven by a citizen of Indiana, this court held that Minnesota had sufficient governmental interest in the welfare of its citizens so that the law of the forum (comparative negligence) should apply, rather than the law of the place of the accident (contributory negligence). The court also said:

"Defendants argue that plaintiff was forum shopping. Suffice it to say that the courts of this state are open to those residents and nonresidents alike who properly invoke, within constitutional limitations, the jurisdiction of these courts. In the case at bar, plaintiff is a Minnesota resident who is currently suffering from extensive and severe injuries. It would be at least plausible to presume that Minnesota courts would be plaintiff's logical choice. Further, it is noteworthy that plaintiff did not first bring his action in another state and then later bring suit in this state." 300 Minn. 494, 221 N.W.2d 669.

Under all of the circumstances of the instant case, we hold that it was error for the trial court to dismiss it on the ground of forum non conveniens.

Reversed.