**HESS OIL VIRGIN ISLANDS CORPORATION, Plaintiff**

v.

**INGERSOLL–RAND COMPANY, Defendant/Third-Party Plaintiff**

v.

**UNIVERSAL OIL PRODUCTS COMPANY, LITWIN COR-PORATION and CREOLE PRODUCTION SERVICES, INC., Third-Party Defendants**

Civil No. 79-178

District Court of the Virgin Islands

Div. of St. Croix

January 22, 1982

BRITAIN H. BRYANT, ESQ. (BRYANT & LENAHAN, ESQS.), Christiansted, St. Croix, V.I., *for plaintiff*

WARREN B. COLE, ESQ. (ISHERWOOD, BARNARD & DIEHM, ESQS.), Christiansted, St. Croix, V.I., *for defendant Ingersoll*

O'BRIEN & MOORE, ESQS., Christiansted, St. Croix, V.I., *for third-party defendant Litwin*

JOEL W. MARSH, ESQ., St. Thomas, V.I., *for third-party defendant Universal*

ALBERT A. SHEEN, ESQ. (HODGE, SHEEN, HODGE & MILLER, ESQS.), Christiansted, St. Croix, V.I., *for third-party defendant Creole*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

This case is before the Court on two motions of third-party defendant Universal Oil Products Company (hereinafter referred to as UOP). Each motion will be considered separately.

### I. MOTION TO VACATE

UOP requests that an Order entered in this case on August 19, 1981, be vacated. Fed. R. Civ. P. 60(b)(6). It argues that the August 19th Order conflicts with a subsequent Order of the Court thereby causing it undue prejudice.

The facts which give rise to the present motion can be stated as follows: by motion dated August 7, 1981, plaintiff, Hess Oil Virgin Islands Corporation (HOVIC) sought leave to file an amended complaint adding UOP, Inc., UOP Process Division and Creole Production Services, Inc., as parties defendant. By motion dated August 17, 1981, and received by the Clerk of this Court on August 21st UOP requested an extension of time within which to respond to plaintiff's motion for leave to amend. By Order dated August 19th this Court granted the motion of plaintiff for leave to amend its complaint to add parties defendant. However by Order dated August 24, 1981, the Hon. Raymond Finch, U.S. District Court Judge sitting by designation, granted the motion of UOP for an additional three weeks within which to respond to the motion of plaintiff. Because the two orders appear to be in contradiction and inasmuch as the movant has raised substantive arguments in opposition to plaintiff's request that it be joined as a party defendant, the Order of this Court entered on August 19, 1981, will be vacated. Accordingly, the motion of plaintiff for leave to file an amended complaint, Fed. R. Civ. P. 15 (and the papers filed by UOP in opposition thereto) will be considered anew.

## II. MOTION FOR LEAVE TO FILE AN
## AMENDED COMPLAINT

UOP strenuously argues in its two memoranda of law that an amendment of plaintiff's complaint to add parties is barred by the applicable statute of limitations which is said to be the statute of the State of Illinois. The incident which gave rise to this lawsuit—an explosion and fire at plaintiff's St. Croix refinery—occurred on August 8, 1975. Plaintiff's motion for leave to amend to add parties defendant almost comes precisely six years later. Under Illinois law, plaintiff would have to bring an action to recover damages done to property within 5 years after the cause of action had accrued,[1] Ill. Rev. Stat. chapter 83, § 16. By contrast, under Virgin Islands law, "an action upon a contract" where no redress is sought for personal injuries or an action for "injuring personal property" may be brought within a six-year time period. 5 V.I.C. § 31(3)(A) and (D).[2]

UOP supports its contention that it is the five-year Illinois statute of limitations and not, as plaintiff argues, the six-year Virgin Islands statute of limitations which applies to this lawsuit, on two grounds: (1) a choice of law clause agreed to by the parties which specifies that Illinois law will determine the legal relations between the parties; and (2) a prior judicial ruling involving the same choice of law agreement between HOVIC and UOP which found that Illinois law controlled the contractual relations between the parties, Hess Oil Virgin Islands Corp. v. UOP Process Division, No. 75-C-383 (N.D. Okla. Nov. 9, 1979) (Order granting partial summary judgment at 11) and which thereby collaterally estops plaintiff from denying the effect of the Illinois statute of limitations. Plaintiff counters these arguments with a three-pronged thrust: (1) the choice of law agreement between the parties is, under the terms of Restatement (Second) of Conflict of Laws § 187, effective only as to substantive issues and is therefore not controlling on the procedural or remedial question of the applicable statute of limitations; (2) the prior judicial determination notwithstanding, the requirements for invoking collateral estoppel have not been met by UOP; and (3) even if the Illinois statute of limitations does apply, the proposed amended complaint "relates back" to and thereby tolls the running

---

[1] By Counts V and VII of plaintiff's proposed amended complaint, recovery is sought from UOP under alternative theories of negligence and express and implied warranty. Counts VI and VIII appear to assert causes of action grounded on a strict liability theory.

[2] An action for breach of warranty is, as under Illinois law, limited by U.C.C. § 2—725 to a four-year period. See 11A V.I.C. § 2—725.

of the statute from the date on which defendant was put on notice of the "institution of the action." Fed. R. Civ. P. 15(c).

A) *Choice of Law*

Once the considerable verbiage set forth in the parties' arguments is pierced, the central question presented to the Court is whether or not effect is to be given to the choice of law clauses embodied in the three contracts which form the basis of at least part of plaintiff's proposed action against UOP.[3] By paragraph 22 of the license agreement between Universal Oil Products Company and Hess Trading and Transport, Inc., the parties agreed that the terms of their contract as well as their "legal relations" would be "determined in accordance with the laws of the State of Illinois." By paragraph 9(e) of a subsequent engineering agreement entered into between UOP Processing Division and HOVIC the same choice of law clause is agreed to. The same provision is also contained in paragraph 10(c) of a guarantee agreement between UOP and HOVIC.

Under the terms of section 187 of the Restatement (Second) of Conflict of Laws[4] great deference is to be given to the parties' consensual choice of the state law which is to govern their contractual relations. That section reads in its entirety as follows:

§ 187. LAW OF THE STATE CHOSEN BY THE PARTIES

(1) The law of the state chosen by the parties to govern their contractual rights and duties will be applied if the particular issue is one which the parties could have resolved by an explicit provision in their agreement directed to that issue.

(2) The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless either

---

[3] UOP does not appear to extend its argument for the application of Illinois law to that portion of plaintiff's complaint which sounds in tort law. After all, the Virgin Islands was the situs of the accident which forms the basis of this suit and therefore clearly has the "most significant relationship to the occurrence and [to] the parties" at least with respect to the tort aspects of plaintiff's complaint. See, Restatement (Second) of Conflict of Laws § 145(1).

[4] 1 V.I.C. § 4 states that the "rules of the common law as expressed in the restatements of the law . . . shall be the rules of decision in the courts of the Virgin Islands . . . ."

(a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or

(b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties.

(3) In the absence of a contrary indication of intention, the reference is to the local law of the state of the chosen law.

 Plaintiff argues that one or both of the exceptions to the general rule as set forth in subsections 2(a) and (b) govern in this case. Subsection 2(a) is clearly not applicable since the state designated by the parties in their contracts cannot be said to be lacking a "substantial relationship" with the parties and their transactions. With respect to the second exception to Restatement § 187, plaintiff makes a stronger case for the inapplicability of the Illinois statute of limitations. After all "limitation laws have traditionally been held to affect only the remedy and not the substantive right, and it is therefore usually held that in the absence of a statute to the contrary, the limitation law of the place where the action is brought and the remedy is sought to be enforced will govern the timeliness of the action." 78 A.L.R.3d 639 at 643 (1977). See, e.g., Kalmich v. Bruno, 553 F.2d 549 (7th Cir. 1977), cert. denied, 434 U.S. 940 (1977). Where, however, the parties themselves have made the choice of law that choice will be subject to subsection 2(b) and thereby rendered ineffective only if all of the following three criteria are met:

1) Application of the law of the chosen state would be contrary to a "fundamental policy" of the forum state;

2) The forum state has a "materially greater interest than the chosen state" in applying that fundamental policy to the particular issue in question; and

3) The forum state would, under the rule of Restatement § 188 be "the state of the applicable law in the absence of an effective choice of law by the parties."

The majority rule with respect to the choice of limitation statutes should govern the case sub judice. In the absence of any applicable "borrowing" statute,[5] and when there are sufficient contacts with

---

[5] By the terms of 5 V.I.C. § 41, where a cause of action has arisen in a state, commonwealth, territory or country in which it would be time barred, the applicable

the forum,[6] a common law action filed in the Virgin Islands that is not time barred under Virgin Islands law will be maintainable even if the action would be barred under the law of a state which has been expressly chosen by the parties as guiding their legal relations. "There is no doubt, as the Restatement itself recognizes, that an express choice-of-law provision cannot be employed to defeat the policy of the forum or other interested state." Sedler, The Contracts Provisions of the Restatement (Second): An Analysis and A Critique, 72 Colum. L. Rev. 279 at 296 (1972) (footnote omitted). Thus the law of the foreign state chosen by the parties will be applied but "only to the extent that the result obtained through application of that law does not violate the public policy of" the forum state. Boyer v. Piper, Jaffray and Hopwood, Inc., 391 F.Supp. 471 at 473 (D.S.D. 1975).

The forum jurisdiction will by definition have a "materially greater interest" than the chosen state in seeing that the policy embodied in its statute of limitations is given effect. In the case of Air Products and Chemicals, Inc. v. Fairbanks Morse, Inc., 58 Wis. 2d 193, 206 N.W.2d 414 (1973), the Supreme Court of Wisconsin,

---

foreign statute of limitation will be effective to bar such an action brought in the Virgin Islands. This "borrowing" provision applies however only where *both* parties are "nonresidents of the Virgin Islands." By limiting the scope of § 41 to nonresidents, the legislature clearly intended to afford resident parties whatever advantage they could secure under the Virgin Islands limitation rules.

[6] Under the three criteria set forth in subsection 2(b) of Restatement § 187, the forum state must, according to the rule of § 188, be the state of applicable law "in the absence" of the parties' choice of law agreement. Section 188 "calls for the application of the law of the state that 'has the most significant relationship to the transaction and the parties' in light of the policy factors that shape choice of law." Southern International Sales Co., Inc. v. Potter and Brumfield Division of AMF Incorporated, 410 F.Supp. 1339 at 1342 (S.D.N.Y. 1976). While it is true in the present action that substantially all of the design and "process" services contracted to be performed by UOP were in fact performed in Illinois, and that Illinois law may indeed govern many of the contractual aspects of this case, the place of execution of the engineering and guarantee agreements was (contrary to what UOP states) St. Croix, Virgin Islands, the place of incorporation of plaintiff was the Virgin Islands and most significantly, the subject matter of the contracts (and of the breaches allegedly arising therefrom) was the Virgin Islands. When "the thing or [a] risk is the principal subject of the contract, it can often be assumed that the parties . . . would expect that the local law of the state where the thing or risk was located would be applied to many of the issues arising under the contract." Restatement (Second) of Conflict of Laws § 188, comment e. In light of the procedural nature of the limitation periods in dispute and of the "fundamental policy" underlying the forum state's limitation statute, application of the Virgin Islands statute of limitations would be called for in the absence of "an effective choice of law by the parties." See, e.g., Rose Barge Line, Inc. v. Hicks, 421 F.2d 163, 164 (8th Cir. 1970).

expressly abandoning the "mechanistic" lex loci approach to conflict of law questions, held that the forum's six-year statute of limitations on contract actions rather than the four-year statute of limitations of a foreign state would control even though the contract in dispute was entered into in the foreign state, and even though the law of that state governed all contractual issues. The Court found that the legislature of the forum state had chosen the six-year period deliberately against recommendations made by the drafters of the Uniform Commercial Code. Moreover, "by the decision of the legislature to permit aggrieved parties six instead of four years to prosecute their claims . . . the legislature determined that the interests of [the forum state] are best advanced by a longer period." Id. at 206 N.W.2d 419. Although the Air Products decision did not involve a contractual choice of law (and therefore did not implicate the provisions of Restatement § 187), its holding should be applied in the present case. The limitations period afforded to plaintiffs by the legislature of the Virgin Islands under the terms of 5 V.I.C. § 31(3) represents a "fundamental policy" of the forum jurisdiction. While there is no prior Virgin Islands case law construing the scope of the limitations statute upon which plaintiff relies, an inference can be made from a reading of both § 31(3) and the "borrowing" statute, 5 V.I.C. § 41,[7] that the six-year limitation period is meant to afford Virgin Islands plaintiffs a generous allotment of time in which to seek restitution for alleged property damage. Because we conclude that the six-year limitation period represents a "fundamental policy" of the Virgin Islands and inasmuch as the forum state has, under the black letter rule of conflicts law, a "materially greater interest" than any other interested state in applying its own procedural rules including those pertaining to the timeliness of lawsuits, the parties' express choice of law, at least as it extends to the Illinois statute of limitations, must bow to the second exception set forth in § 187 of the Restatement, Second. See, American Eutectic Welding Alloys Sales Co. v. Garcia-Rodriguez, 353 F.Supp. 850, 855 (D.P.R. 1973), rev'd on other grounds, 480 F.2d 223 (1st Cir. 1973); Southern International Sales Co., Inc. v. Potter and Brumfield Division of AMF Incorporated, 410 F.Supp. 1339, 1342 (S.D.N.Y. 1976). Accordingly, it is the Virgin Islands and not the Illinois statute of limitations which governs this case and therefore plaintiff's amended complaint is not time barred.

---

[7] See Footnote 5, supra.

B) *Collateral Estoppel*

Two of the parties involved in the present dispute were previously embroiled in a lawsuit arising from the same basic contractual agreements and from similar property damages which occurred at plaintiff's refinery in St. Croix. Hess Oil Virgin Islands Corp. v. UOP, supra. By Order entered on November 9, 1979, the U.S. District Court for the Northern District of Oklahoma ruled, inter alia that Illinois law controlled certain contractual aspects of the case in accordance with the parties' agreed choice of law. Applying Illinois law to the question of the effectiveness of a contractual waiver of tort liability, the Court found that the waiver provision at issue foreclosed recovery for plaintiff under a strict liability theory. Accordingly, summary judgment was granted to defendant UOP on the issue of strict liability.

██ Assuming arguendo, that the prior juridical determination of material issues would, under the doctrine of collateral estoppel, preclude their reassertion in the present case, there has not been a prior determination of the issue which UOP now asserts is conclusive, namely, the effect of the parties' choice of law agreement on the appropriate statute of limitations. A previous ruling that the parties' choice of law agreement was effective and that thereby Illinois law "controls" the interpretation of particular contractual provisions at issue, in no way binds this Court (nor for that matter, the original Court) to a determination that the choice of law agreement controls *all* issues in dispute. As noted, the traditional lex loci contractus approach to conflict of law questions has been repudiated by the Restatement Second and by most courts. See Restatement (Second) § 188, comment. Thus a determination that an express choice of law agreement is effective on the question of strict liability, does not require that the choice of law agreement be effective on the question of the appropriate statute of limitations. "In each case . . . a choice-of-law rule [must be] developed that will give effect to what are the most important policies for the precise purpose at hand." Reese, Conflict of Laws and the Restatement Second, 28 Law and Contemp. Problems, 679 at 698 (1963).

The doctrine of collateral estoppel may indeed apply to the current lawsuit and therefore make the determination of certain issues raised in the previous litigation between HOVIC and UOP conclusive. Specifically, the prior determinations with respect to strict liability and the limitation on recovery (as well as the choice of law thereto) may preclude plaintiff from asserting certain issues. Dispo-

25

sition of the collateral estoppel question in the present posture of this lawsuit, however, would be inappropriate. It may in many instances be an "idle move" for the Court to allow amendment "over the objection of the opposing party who, if correct, has merely to make a formal motion to dismiss or to strike after leave to amend is granted," 3 Moore's Federal Practice ¶15.08[4] at 15-109 (1978). In the instant case, however, the Court will be given a better opportunity to examine the merits of the collateral estoppel claim and the various contractual defenses which have been asserted (and which are so hotly disputed) if these matters are raised by way of a motion to dismiss, a motion to strike or a motion for summary judgment.

C) *Conclusion*

Because plaintiff is found not to be time barred in seeking to amend its complaint, the Court is relieved from consideration of whether or not plaintiff's proposed amendment "related back" to the date on which UOP was put on notice of the institution of the present action and thereby falls within the scope of Rule 15(c). Plaintiff's request for leave to amend to add a party defendant falling within the six years permitted by 5 V.I.C. § 31(3)(A) and (D) and the Court finding no bad faith on the part of plaintiff nor undue prejudice inflicted against UOP, the motion for leave to amend will be granted.

### III. MOTION FOR PROTECTIVE ORDER

Third-party defendant UOP has also filed a motion for a protective order under the terms of Rule 26(c), which will bar or alternatively limit the discovery which defendant/third-party plaintiff Ingersoll-Rand seeks of certain compressor parts which allegedly caused the fire at HOVIC's St. Croix refinery and which are now in the custody of UOP. While the movant has failed to meet the burden required for entry of a comprehensive protective order, there is merit in its claim that multiple inspection of the compressor components by the various parties to this action will cause "undue burden." Accordingly, the motion of UOP for a protective order will be denied in part and granted in part, and procedures for the orderly production and inspection of the requested components will be set forth in the Order below.

### ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that the motion of Universal Oil Products requesting that this Court vacate the Order previously entered in

this action on August 19, 1981, be, and the same is hereby, GRANTED;

IT IS FURTHER ORDERED that the motion of Hess Oil Virgin Islands Corporation for leave to amend its complaint to add Universal Oil Products as a defendant be, and the same is hereby, GRANTED;

IT IS FURTHER ORDERED that Universal Oil Products produce the components sought by third-party plaintiff in the manner and at the place designated by the third-party plaintiff;

IT IS FURTHER ORDERED that third-party plaintiff take all steps necessary to preserve the requested components;

IT IS FURTHER ORDERED that all reports and analysis resulting from the inspection of the requested components by third-party plaintiff be made available to all parties in this action;

IT IS FURTHER ORDERED that any discovery as to Universal Oil Products' reports and analysis of the compressor components be conducted by way of a separate request for production and/or by deposition;

IT IS FURTHER ORDERED that the parties cooperate in devising procedures to catalog and ship the requested components.