### EMMA A. HOLTON v. WILLIAM C. HOLTON.[1]

November 10, 1922.

No. 22,946.

**Foreign judgment for alimony entitled to full faith in sister state, when.**

1. So long as a judgment for alimony payable in instalments is absolute in its terms and remains unmodified, or at least until an application for modification has been made, it is final as to instalments which have accrued and is entitled to full faith and credit in the courts of a sister state in an action founded upon it.

**Defaulting defendant in Oregon not entitled to notice of application.**

2. A defendant, required by the judgment of an Oregon court to pay instalments of alimony in the future, is not entitled to notice of an application to that court for the computation of the amount due on the judgment in order that it may be put in form for enforcement by execution, it being the law of Oregon that a defendant who has been personally served with process and who has not appeared need not be served with notice of motions or other subsequent proceedings in the action.

Action in the district court for Hennepin county to recover $6,076.75 alimony. The case was tried before Gould, J., who made findings and as conclusions of law found that the judgment of the Oregon court was binding and ordered judgment in favor of plain-

[1]Reported in 190 N. W. 542.

tiff for the amount demanded. From an order denying his motion for amended and additional findings and conclusions or for a new trial, defendant appealed. Affirmed.

*Charles Burke Elliott*, for appellant.

*M. H. Boutelle* and *A. M. Higgins*, for respondent.

LEES, C.

On July 17, 1911, plaintiff brought an action for divorce in the circuit court of Multnomah county in the state of Oregon. She and her husband were then residents of that state and he was personally served with process. Under the laws of Oregon, by virtue of such service, the court acquired jurisdiction to grant every form of relief consistent with the law of the state. Defendant made no appearance and on August 4, 1911, a decree of divorce was duly rendered. It provided that defendant should pay plaintiff $100 as attorney's fees and $50 a month as alimony, the same to be paid during her lifetime. Soon after the decree was entered defendant removed from the state of Oregon. He is now a resident of this state.

On December 31, 1919, plaintiff applied to the circuit court of Multnomah county for the entry of judgment against the defendant for the amount of the unpaid instalments of alimony. Her application was based on the records and files in the action and on her affidavit stating that defendant had paid no alimony except $100 paid in July, 1914; that the decree of August 4, 1911, had never been modified but remained in full force and effect, and that she had never remarried. The application was heard without notice to defendant. He was then a resident of this state and plaintiff a resident of Oregon, where she had remained after obtaining the divorce. The circuit court found the facts to be as stated in plaintiff's affidavit, determined that $6,076.75 was due her for alimony accrued upon the judgment, with interest thereon, and adjudged that she have and recover that amount from defendant and that execution issue therefor. The circuit courts of Oregon are courts of general jurisdiction, embracing actions for divorce and the proceedings incident to such actions.

Upon the entry of the judgment last above mentioned plaintiff brought action thereon in the district court of Hennepin county. The court heard the evidence and made findings embodying the facts above recited. In addition thereto the court found that under the laws of Oregon its courts have and reserve jurisdiction in divorce actions, following the entry of the decree and for due cause shown, to enter such other and further orders and decrees with respect to alimony as are deemed essential or necessary; that such reserved jurisdiction does not extend to vacating or modifying the provisions of a decree in respect to past due alimony, but extends only to alimony which may become due after the date of the application for a modification of the decree. It was also found that defendant never made any such application and that at all times the original decree remained in effect and that the judgment entered December 31, 1919, was a final judgment enforceable in the state of Oregon under its laws by process of execution. The court concluded that the judgment was entitled to full faith and credit under the provisions of section 1, article 4, of the Federal Constitution, and awarded judgment in plaintiff's favor for $6,076.75 and interest.

In the course of the trial the parties stipulated that the court should take cognizance of the Oregon laws and decisions, which might be referred to in the argument, with the same force and effect as though they had been introduced in evidence. No reference is made in the findings to any specific statute of Oregon or to any particular decision of the supreme court of that state.

A motion for amended findings or a new trial was made and denied and defendant appealed.

In accordance with the terms of the stipulation, we have considered only the Oregon statutes and decisions to which our attention has been invited in the briefs and argument of counsel.

Defendant's principal contention is that the judgment of the Oregon court is not a final judgment entitled to full faith and credit in the courts of this state. Section 514, Oregon Laws 1920, reads thus:

"At any time after a decree is given, the court or judge thereof, upon the motion of either party, shall have power to set aside,

alter, or modify so much of the decree as may provide for   *   *   * the maintenance of either party to the suit."

Construing the statute, in Brandt v. Brandt, 40 Ore. 477, the court held that it was broad enough to permit the vacation or modification of a provision for permanent alimony, adding, however, that the allowance should be treated as res adjudicata and not subject to annulment or modification except upon new conditions subsequently arising, or perhaps upon facts occurring before the decree, of which the party was excusably ignorant at the time of its rendition. The result was that the husband was relieved from the payment of instalments of alimony which fell due after the remarriage of the wife and before he applied for relief. Our own statute received practically the same construction in Hartigan v. Hartigan, 142 Minn. 274, 171 N. W. 925; S. C. 145 Minn. 27, 176 N. W. 180.

Whether a judgment is of a character which entitles it to full faith and credit when it is sought to enforce it in another state, is a question upon which the decisions of the supreme court of the United States are controlling. In three instances the question of the finality of a decree for the payment of alimony has been passed upon in that court:  Barber v. Barber, 21 How. 582, 16 L. ed. 226; Lynde v. Lynde, 181 U. S. 183, 21 Sup. Ct. 555, 45 L. ed. 810; Sistare v. Sistare, 218 U. S. 1, 30 Sup. Ct. 682, 54 L. ed. 905, 28 L. R. A. (N. S.) 1068, 20 Ann. Cas. 1061. There has been some uncertainty in the state courts as to the precise effect of these decisions. The opinion of the court in Brandt v. Brandt, supra, was delivered by Justice Wolverton. Subsequently he was appointed to the Federal bench, and, sitting in the case of Cotter v. Cotter, 225 Fed. 471, 139 C. C. A. 453, heard by the Circuit Court of Appeals for the Ninth Circuit, he expressed the views of the court respecting the Barber, Lynde and Sistare cases as follows [at page 475]:

"It has been judicially settled by the Supreme Court that a decree awarding alimony payable in future instalments constitutes a proper basis for suit in another jurisdiction under the 'full faith and credit' clause of the Federal Constitution, unless the right to receive the alimony is so discretionary with the court rendering the

decree that, even in the absence of application to modify the decree, no vested right exists."

The New York statute, considered in the Sistare case and referred to in the margin of the case as reported, reads in part thus:

"The court may, by order, upon the application of either party to the action, after due notice to the other to be given in such manner as the court shall prescribe, at any time after final judgment, annul, vary or modify such directions. * * * " Section 1771, N. Y. Code.

In Bolton v. Bolton, 86 N. J. Law, 622, 92 Atl. 389, Ann. Cas. 1916E, 938, where the same statute was involved, it was held, on the authority of the Sistare case, that when an action was brought on a New York decree for the payment of alimony in instalments, the decree was final as to all instalments, which had accrued and were unpaid when the action was commenced.

In Gilbert v. Hayward, 37 R. I. 303, 92 Atl. 625, after quoting the New York statute, the court said that in interpreting it in the Sistare case the conclusion was reached that it did not expressly empower the court to revoke or modify an instalment of alimony which had accrued prior to an application to vary or modify the judgment, and that every reasonable implication was against the existence of such a power, and hence, as to past due instalments, the judgment was entitled to full faith and credit in the courts of other states.

In Taylor v. Stowe, 218 Mass. 248, 105 N. E. 890, an action was brought for alimony in arrears under a judgment of the Supreme Judicial Court of Maine. The Maine statute reserved to the court power to grant a new trial as to alimony when it appeared that justice had not been done through fraud, accident, mistake or misfortune. Citing Sistare v. Sistare, it was held that such reservation of power did not deprive the judgment of its final character.

Campbell v. Campbell, 28 Okla. 838, 115 Pac. 1111, involved a Missouri judgment for alimony, which required the defendant to pay $25 a month so long as plaintiff remained single. The defendant having removed to Oklahoma, an action was brought in a

court of that state to recover alimony which had accrued upon the Missouri judgment. Section 2926, St. of Missouri 1899, reads:

"The court, on the application of either party, may make such alteration, from time to time, as to the allowance of alimony and maintenance, as may be proper."

It was urged that the Missouri judgment was not final and not entitled to full faith and credit in the courts of Oklahoma. After considering the Barber, Lynde and Sistare cases, the court reached the conclusion that, under these cases, the judgment was final as to instalments of alimony which were past due and unpaid.

The latest case in a state court in which the Federal decisions are reviewed is Levine v. Levine, 95 Ore. 94, 187 Pac. 609. The rule deduced was that every reasonable implication must be resorted to against the existence of power to revoke or modify a judgment for alimony insofar as it affects accrued instalments; that, in the absence of clear language in the statute manifesting an intention to confer such power, a statute which in general terms confers the power of modification will be construed to mean that the power, when exercised, can operate prospectively only and not retrospectively. While there are cases in which a contrary rule has been adopted, of which Page v. Page, 189 Mass. 85, 75 N. E. 92, 4 Ann. Cas. 296, and Ogg v. Ogg (Tex. Civ. App.) 165 S. W. 912, are examples, the courts are generally of the opinion that a judgment for alimony payable in instalments is final as to instalments which have accrued when an action is brought on the judgment in a court of a sister state.

The New York statute goes as far as the Oregon statute in conferring power upon the court to modify a judgment for alimony, and, following Sistare v. Sistare, we hold that so long as the judgment is absolute in its terms and remains unmodified, or at least until an application for modification has been made, it is final as to instalments of alimony which have accrued. Sound public policy forbids the adoption of a rule which would permit a husband to escape his obligation to support his wife or infant children by crossing a state line. It has been well said that the courts should follow

a course which will tend to unify the remedial agencies of the country by making them enforceable in all its parts. It would be a reproach to our system of legal administration if one could escape from the operation of a judicial decree by going into another state, for this is one country and so far as possible it should have one law. Wagner v. Wagner, 26 R. I. 27, 57 Atl. 1058, 65 L. R. A. 816, 3 Ann. Cas. 578.

We also hold that, irrespective of the so-called judgment of December 31, 1919, plaintiff was entitled to recover the aggregate amount of the instalments which had accrued. In her complaint she pleaded the original judgment and the subsequent proceeding thereon which resulted in the entry of the judgment of December 31. This proceeding did not result in the rendition of a new judgment. It was merely the means by which plaintiff put her judgment into such form that execution could issue thereon. Thayer v. Thayer, 145 App. Div. 268, 129 N. Y. Supp. 1035; Jacobson v. Jacobson, 85 Misc. 253, 148 N. Y. Supp. 341, affirmed in 165 App. Div. 988, 150 N. Y. Supp. 1091; DeVall v. DeVall, 60 Ore. 493, 118 Pac. 843, 120 Pac. 13, 40 L. R. A. (N. S.) 291, Ann. Cas. 1914A, 409; Wells v. Wells, 209 Mass. 282, 95 N. E. 845, 35 L. R. A. (N. S.) 561.

Defendant complains that he was not notified of the proceeding, but, since it was not a new or independent proceeding, he was not entitled to notice. Moreover, section 542, Oregon Laws, provides that, when the defendant has not appeared, notice of a motion or other proceeding need not be served upon him unless directed by the court or the judge thereof. Defendant was personally served with process when the action was begun and failed to appear, and hence was not entitled to notice of an application to have the amount computed which was due upon the judgment in order that payment might be enforced by execution.

We have not considered or referred to other contentions advanced in defendant's behalf in the brief and argument. The views we have expressed are determinative of this appeal and result in the affirmance of the order denying a new trial.

Order affirmed.