HELEN CATHERINE KUMLIN v. LEONARD W. KUMLIN.[1]

May 21, 1937.

No. 31,158.

[1] Reported in 273 N. W. 253.

*Mart M. Monaghan,* for appellant.
*Sasse, French & Dunnette,* for respondent.

GALLAGHER, CHIEF JUSTICE.

On July 12, 1924, in an action pending in the district court of Mower county, the plaintiff, Helen Catherine Kumlin, was granted a divorce from the defendant, Leonard W. Kumlin. The decree required defendant to pay to plaintiff beginning July 15, 1924, the sum of $40 per month for alimony and for the care and support of Marian Catherine Kumlin, the minor child of the parties, until said child reached the age of 18 years or until the further order of the court therein. Said decree also required the defendant to make other payments covering attorneys' fees and disbursements and provided for a distribution of the parties' household belongings.

For a period of one year after the entry of judgment defendant paid to plaintiff the sum of $40 per month as required by the judgment. Thereafter defendant paid to plaintiff the sum of $25 per month for a period of 10 years and until Marian Catherine Kumlin reached the age of 18 years on March 3, 1935, when he discontinued making payments.

A short time after defendant discontinued making payments plaintiff made an *ex parte* application for judgment for the unpaid alimony and support money, then aggregating $1,620, and accumulated interest thereon, and for an order directing the issuance of an execution to enforce the judgment. The trial court required notice of the application to be given to the defendant and upon hearing modified the original judgment, reducing the unpaid alimony to the sum of $300 and requiring the payment of said sum at the rate of

$25 per month, beginning June 1, 1936. The order provided that execution might issue upon the showing of default in making any of the monthly payments.

Plaintiff moved to amend this order so as to require the payments to be made in accordance with the provisions of the judgment. This motion was denied by the trial court on August 7, 1936. The appeal was taken from the separate orders referred to.

■ The first question raised by plaintiff is that upon her *ex parte* application for a declaratory judgment for the amount of unpaid alimony and for an execution thereon the trial court had no right to require that notice of the application be given to defendant and that the trial court abused its discretion in permitting the defendant to oppose the application. Reliance is placed by plaintiff upon the following authorities: 2 Mason Minn. St. 1927, § 9239; Holton v. Holton, 153 Minn. 346, 190 N. W. 542, 41 A. L. R. 1415; Grant v. Schmidt, 22 Minn. 1.

While the statute provides that notice of ordinary proceedings in an action need not be given unless there has been an appearance by answer, demurrer, or written notice of appearance, it does not follow that the court in its discretion may not require notice to be given to the adverse party in a proceeding such as the one involved herein.

In the case of Grant v. Schmidt, 22 Minn. 1, the court held that a stipulation for settlement and dismissal of an action was not such an appearance as entitled a party to notice of subsequent proceedings.

The case of Holton v. Holton, 153 Minn. 346, 190 N. W. 542, 41 A. L. R. 1415, involved an Oregon statute which specifically provided that where a defendant in a divorce action had been personally served with process and had not appeared he need not be served with notice of motions or other subsequent proceedings in the action.

None of the authorities relied upon go as far as to hold that the court in its discretion may not require notice of subsequent proceedings to be given. We believe good practice permits the giving of notice in proceedings such as those involved herein, even though

not required by statute, and that the court not only was justified as a matter of discretion but exercised good discretion in requiring that notice be given.

Of course, if the court had the power in its discretion to require the service of notice on the adverse party, it also had the right to receive, in its discretion, evidence in opposition to the application. We hold that the court did not abuse its discretion in either respect.

■ While the practice relied upon by the defendant in continuing to make payments of less than the amount required by the court's order for a long period of time without making application for a modification of the order in the regular way is not commendable, it nevertheless appears from the record in this case that defendant's conduct in so doing was acquiesced in by plaintiff during all of the years involved and to some extent at least was condoned. It was as much the duty of plaintiff to bring the matter of default in making payments to the court's attention as it was the duty of defendant to make application for a modification of the judgment, so that neither party appeared before the court on the application wholly with "clean hands." However, the court in its discretion had the right to consider all of the facts and circumstances and was justified in modifying the judgment in the respect it did. We can see no reason why the court does not possess the same power to relieve a default after it occurs as it possesses to modify the order prior to the default provided a satisfactory showing is made. In this case we approve the discretion exercised by the trial court. See Sivertsen v. Sivertsen, 198 Minn. 207, 269 N. W. 413.

We do not believe that the case of Plankers v. Plankers, 178 Minn. 31, 225 N. W. 913, relied upon by plaintiff, presents a situation similar to the one presented herein. In that case it was apparent that the defaulting party made every effort to harass the plaintiff and purposely and intentionally failed to abide by the various orders of the court. Here there does not seem to be any such wilful omission on the part of defendant. It appears quite evident that his financial situation was materially changed subsequent to the entry of the original judgment. It also appears that plaintiff must

have been aware of that fact when she continued for ten years to accept smaller amounts than the judgment required.

The orders appealed from are affirmed.

