DORIS J. HAAS v. RUSSELL W. HAAS.

165 N. W. (2d) 240.

February 14, 1969—No. 41216.

*Kenneth A. Mitchell,* for appellant.

*Wiese & Cox, Donald E. Wiese,* and *Neil B. Dieterich III,* for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Rogosheske, JJ.

MURPHY, JUSTICE.

This is an appeal from an order of the district court denying defendant's motion to dismiss an action on a foreign judgment for child-support payments, for amended findings, or for a new trial. Defendant contends that the out-of-state court was without jurisdiction to enter judgment for accrued child-support payments under circumstances where he was not a resident of the state at the time the action was brought and where there was no service upon him.

From the record it appears that on August 17, 1955, in the resident

State of Idaho, Doris J. Haas instituted a divorce action against her husband, Russell W. Haas, and on October 17, 1955, a default judgment was entered awarding custody of the couple's four children to the wife and ordering the husband to pay $100 a month support money for the children. The decree recites that although defendant did not appear in person or by an attorney he had been "regularly served with Summons and Complaint in this cause within the State of Idaho on the 17th day of August, 1955." The decree provided that the court retain "jurisdiction of the child support awarded in this matter to further consider the same on the evidence presented at the hearing and to make such modifications as may be deemed just and proper in the premises."

Defendant left the State of Idaho in May 1956 and took up residence in the State of Minnesota. Plaintiff subsequently remarried and, in April 1965, she and her present husband adopted the four children. On December 9, 1965, plaintiff obtained a default judgment in Idaho for arrearages in support payments in the amount of $8,472.50. It is not contended that this amount includes arrearages subsequent to the adoption. There is no evidence in the record that defendant was served with a summons or complaint or a copy of the judgment in this proceeding. In December 1965, action was commenced in the Minnesota district court to enforce the judgment, and after plaintiff was awarded judgment by the Minnesota court, this appeal followed.

Defendant contends that the judgment should be reversed, claiming that (a) the State of Idaho did not have jurisdiction to enter a default judgment against a resident of the State of Minnesota for child-support arrearages without personal or constructive service as required by Idaho law, and (b) plaintiff should have sought relief under the provisions of the Uniform Reciprocal Support Act.

■ In considering the question of whether the Minnesota court should have awarded relief in this state on the judgment entered by the Idaho court, we are necessarily controlled by the full faith and credit clause, U.S. Const. art. IV, § 1, which provides that if a judgment is valid and conclusive in the state where it is rendered, it is so in all other states, and that the judgment is subject only to such pleas and defenses as would be permissible in the state where the judgment is rendered. Anderson v.

Lyons, 226 Minn. 330, 32 N. W. (2d) 849; Holton v. Holton, 153 Minn. 346, 190 N. W. 542, 41 A. L. R. 1415; 50 C. J. S., Judgments, §§ 889, 891; 10 Dunnell, Dig. (3 ed.) § 5207, note 6.

■ We agree with plaintiff that the judgment entered in Minnesota must be affirmed on authority of Holton v. Holton, *supra*. That case involved an action brought in this state on a judgment for unpaid installments of alimony ordered in the State of Oregon. As in the case before us, the foreign judgment had never been modified and remained in full force and effect. It is also important to note that the application for judgment was heard without notice to defendant, he then being a resident of this state while plaintiff maintained her residence in the State of Oregon. It was there held that so long as the provisions requiring payment of alimony were absolute in their terms and remained unmodified, and since no application for modification had been made, the judgment was final as to installments which had accrued and was entitled to full faith and credit in the courts of a sister state in an action founded upon it.

■ The court in Holton disposed of the claim that defendant was not properly served by noting that he was not entitled to notice of application to the foreign court for the computation of the amount due on the judgment in order that it might be put in form for enforcement by execution, it being the law of Oregon that a defendant who has been personally served with process and who has not appeared need not be served with notice of motions or other subsequent proceedings in the action. Although Holton involved alimony rather than support money and involved the laws of Oregon rather than those of Idaho, the same result must be reached here. In Holton we said (153 Minn. 352, 190 N. W. 544):

"Defendant complains that he was not notified of the proceeding, but, since it was not a new or independent proceeding, he was not entitled to notice. Moreover, section 542, Oregon Laws, provides that, when the defendant has not appeared, notice of a motion or other proceeding need not be served upon him unless directed by the court or the judge thereof. Defendant was personally served with process when the action was begun and failed to appear, and hence was not entitled to notice of an

application to have the amount computed which was due upon the judgment in order that payment might be enforced by execution."

The foregoing statement may be properly applied to the issue raised in this case. Rule 5(a) of the Idaho Rules of Civil Procedure states:

"* * * [N]o service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4."

We gather from the Idaho authorities (Patton v. Patton, 88 Idaho 288, 399 P. [2d] 262; Stewart v. Stewart, 86 Idaho 108, 383 P. [2d] 617; Embree v. Embree, 85 Idaho 443, 380 P. [2d] 216; and Arkoosh v. Arkoosh, 66 Idaho 607, 164 P. [2d] 590) that the Idaho court has continuing jurisdiction in all matters relating to the welfare of children, including payment of support money. There is no indication here that plaintiff is asking for new or additional relief nor is it claimed that defendant has ever asked for modification of the judgment. We must accordingly agree that the trial court correctly applied our decision in the Holton case in awarding judgment for plaintiff in this jurisdiction.

■ In oral argument defendant contends that the relief available to plaintiff is limited to the provisions of the Uniform Reciprocal Support Act. This claim may be briefly disposed of by noting that both the Idaho and Minnesota statutes (Idaho Code, § 7-1050, and Minn. St. 518.43) specifically state that the remedies provided by the Uniform Reciprocal Support Act are "in addition to and not in substitution for any other remedies."

Affirmed.