JOHN H. WILMS *v.* ANN S. WILMS.

[No. 2-673A127. Filed September 19, 1973.]

*Bennett, Boehning & Poynter,* of Lafayette, for appellant.

*Thomas W. Munger,* of Lafayette, for appellee.

SHARP, J.—On June 3, 1967, the trial court entered a final decree of divorce between these parties. Incorporated into said divorce decree was a separation agreement providing that Appellant, John H. Wilms, pay Appellee, Ann S. Wilms, the total sum of $76,500.00 in monthly payments of $375.00 each "in order to enable Ann S. Wilms to support herself". Said

obligation was to terminate upon death or remarriage of Ann S. Wilms.

On November 6, 1972, the Appellant filed his petition to modify support to which Appellee filed a motion to dismiss and on January 30, 1973, the trial court sustained Appellee's motion to dismiss for failure to state a claim on which relief can be granted. (In doing so the trial court delivered a comprehensive written opinion which has been of great assistance to this court in deciding this case.)

This appeal challenges the dismissal of the Appellant to petition to modify support.

Appellant's petition to terminate support alleges that circumstances have changed since the entry of June 3, 1967 in that Appellee has become self-supporting and the Appellant's spendable income has been reduced.

The question which we must decide is whether or not the part of the June 3, 1967 judgment can be modified several years later on the basis of changed circumstances. We hold that it may not be so modified.

The general rule is that where the judgment is for a sum in gross, even though payable in installments, it is not subject to modification. See 71 A. L. R. 730 and 127 A. L. R. 741. See also 24 Am. Jur. 2d 785. "Divorce and Separation" § 668 and 27A C. J. S. 1106 "Divorce" § 238. This rule has also been followed in numerous jurisdictions. See *Blakely* v. *Blakely* (1967), 249 S. C. 623, 155 S.E.2d 857; *Williams* v. *Williams* (1954), 261 Ala. 328, 74 So.2d 852; *Littleton* v. *Littleton* (1943), 295 Ky. 720, 175 S.W.2d 502; *Gilcrease* v. *Gilcrease* (1939), 186 Okla. 451, 98 P.2d 906; *Smith* v. *Rogers* (1927), 215 Ala. 581, 112 So. 190, and *Jones* v. *Jones* (1926), 216 Ky. 810, 288 S.W. 737.

Under an 1873 Indiana statute, it was provided that "the decree for alimony to the wife shall be for a sun in gross,

and not for annual payments; but the court, in its discretion, may give a reasonable time for the payment thereof, by installments, on sufficient surety being given". This provision was amended in 1949 to read:

"The courts shall fix the amount of alimony and shall enter a judgment for such sum, and specify the character and method of payment, . . . . In determining the method of the payment of the alimony the court may require that it be paid in gross or in periodic payments, either equal or unequal, and if to be paid in periodic payments the court may further provide for their discontinuance or reduction upon the death or remarriage of the wife, . . . . Such amount shall be awarded, regardless of the character or method of its payment shall be in complete discharge of all the husband's obligation to the wife, but not to his minor children, arising out of the marital or family relationship."
See IC 1971, 31-1-12-17 Ind. Ann. Stat. Burns 3-1218.

Under the statute as it was from 1873 to 1949, an alimony judgment was treated as a judgment and not a support order enforcible by execution and not by contempt. *Marsh* v. *Marsh* (1904), 162 Ind. 210, 70 N.E. 154. Such judgment generally survived the death of the wife. *Miller* v. *Clark* (1864), 23 Ind. 370. It also generally survived the remarriage of the wife. *Brenner* v. *Brenner et al.* (1874), 48 Ind. 262.

The question here is thus narrowed to decide whether the 1949 amendment changes these pre-1949 case rulings.

It is correct that our Supreme Court held that the 1949 amendment here involved and another 1949 act dealing with separation agreements modified the previously declared rule that alimony judgments were not enforceable by contempt. *State ex rel. Roberts* v. *Morgan Circuit Court* (1968), 249 Ind. 649, 232 N.E.2d 871. This certainly makes an alimony judgment more like a support order at least as to the method of enforcing it. *Roberts, supra,* does not by inference decide the question raised here. The statute still provides that the court shall *"fix the amount of*

alimony and enter a judgment *for such sum"*. (Our emphasis) The legislative intent here readopts the 1873 statutory provision in different language. The 1949 amendment does expand the possible methods of payment. It is also specific in setting out two instances when payments may be terminated, namely, death and remarriage.

In dealing with this subject, the legislature did not give the court express power to modify such alimony judgments on change of circumstances. We decline to add such a provision by judicial fiat. This conclusion is consistent with the statutory provision that such award of alimony "shall be in complete discharge of all the husband's obligation to the wife". As far as the wife is concerned, this statute makes the entry of an alimony judgment final and not subject to a modification on changed circumstances. Otherwise the disputes which a trial court attempts to finally resolve with regard to alimony could continue until the death of one party. Certainly, the General Assembly intended no such result.

The trial court was correct in sustaining the Appellee's motion to dismiss and we hereby affirm such action.

Affirmed.

Hoffman, C.J. and Staton, J., concur.

NOTE.—Reported at 301 N.E.2d 249.