**Dorothy MATSON, Respondent,**

v.

**Charles D. MATSON, Appellant.**

**No. 51894.**

Supreme Court of Minnesota.

Sept. 25, 1981.

Rehearing Denied Nov. 2, 1981.

Dale G. Swanson, Forest Lake, for appellant.

Fetzner & Porter and Gloria O'Connell Sonnen, Hudson, Wis., for respondent.

## OPINION

AMDAHL, Justice.

Defendant, Charles D. Matson, appeals from a district court order denying his motion to vacate and stay the execution of a judgment entered by the Milwaukee County Circuit Court which was filed in this state under the Uniform Enforcement of Foreign Judgments Act, Minn.Stat. §§ 548.-26–.33 (1980). We affirm and remand this matter to the district court for further proceedings.

The following facts are undisputed. Plaintiff Dorothy Matson and defendant were married on October 25, 1941 in Wisconsin. The parties continued to reside in Wisconsin until their divorce in Milwaukee County Circuit Court on August 25, 1961. There is no dispute that the Wisconsin court had jurisdiction over the parties in granting

the divorce; defendant appeared personally and by counsel. The divorce judgment awarded plaintiff custody of the then minor children and defendant was ordered to pay $60 per week for their support [1] and $10 per week as alimony, commencing July 1, 1961.

In 1961, defendant moved from Wisconsin and has not resided or been present in Wisconsin since that time. He resided in Texas from 1961 to 1964 and then established residence in Minnesota. He has continued to reside in this state since sometime in 1964 to the present.

On January 7, 1980, defendant was personally served in Minnesota with plaintiff's notice of motion and motion for an order seeking a money judgment for alleged arrearages in child support and alimony.[2] Plaintiff's motion was heard before the Milwaukee County Circuit Court. No appearance was made by defendant.

The Wisconsin court issued its findings and judgment on January 29, 1980. The court found that (1) plaintiff had been a resident of Milwaukee County continuously since the granting of the judgment of divorce on August 25, 1961; (2) that it had both personal and the subject matter jurisdiction over the defendant and the matters raised by plaintiff's motion; and (3) that defendant was in arrears on the payment of alimony in the sum of $9,546.00 and on the payment of child support in the amount of $39,083.00 for a total arrearage of $48,-682.00 (sic). A default judgment was subsequently entered in that sum, together with costs of $17.50. The award was based upon the divorce decree which has not been modified since its issuance in 1961.

On June 4, 1980, the Wisconsin judgment was filed in this state under the Uniform Enforcement of Foreign Judgments Act, Minn.Stat. §§ 548.26–.33 (1980). Notice of the filing of the judgment was mailed to defendant pursuant to section 548.28. Defendant then moved for a stay of execution of the judgment pending determination of the jurisdictional issues. The district court granted a stay for six months, conditioned on posting of a bond by defendant in the sum of $97,364.00 pursuant to Minn.Stat. § 550.36 (1980).

Defendant thereafter moved for an order vacating the Wisconsin judgment on the ground that the judgment was void for lack of personal and subject matter jurisdiction, modifying the previous order by reducing the amount of security required to stay enforcement of the judgment, and other relief. The district court denied the requested relief, holding that the Wisconsin court retained jurisdiction under the 1961 divorce action to enforce its judgment for child support and alimony and that the Wisconsin judgment was entitled to full faith and credit in this state. A stay of proceedings was denied although the court deferred execution for 30 days to allow defendant an opportunity to challenge the amount of the Wisconsin judgment or to appeal. It is that order which is the subject of this appeal.

The issues presented are (1) whether the Wisconsin judgment for support arrearages is a "foreign judgment" within the meaning of Minn.Stat. § 548.26 (1980); (2) whether the Wisconsin judgment is void because the Wisconsin court lacked either subject matter jurisdiction or personal jurisdiction over defendant; and (3) whether Minn.Stat. § 550.36 (1980) provides the sole method by which a judgment debtor may obtain a stay of execution of a money judgment.

The Uniform Enforcement of Foreign Judgments Act, Minn.Stat. §§ 548.26–.33 (1980) (effective July 1, 1977) (Uniform Act) provides a speedy and economical method of enforcing a foreign judgment and relieves

1. There were four children born as issue of the marriage. The oldest child had reached the age of majority at the time of the divorce.

2. Between 1968 through 1975, plaintiff filed several actions under the Uniform Reciprocal Enforcement of Support Act, Minn.Stat. §§ 518.41–.52 (1980); Wis.Stat. § 52.10 (1980) (URESA), and obtained orders directing de-fendant to support his then minor children. Plaintiff commenced a final URESA action in 1979 which was dismissed by the Milwaukee County Circuit Court on the ground that all the children had become emancipated. The youngest child reached the age of majority on September 20, 1976.

creditors and debtors alike from the costs and harassment of additional litigation. 13 Uniform Laws Annotated 173–74, Commissioners' Prefatory Note (1980). The procedure is optional and does not impair the existing remedies available to a judgment creditor. Minn.Stat. § 548.31 (1980).

█ Judgments which meet the definition in section 548.26 may be filed under the Uniform Act:

"Foreign judgment" means any judgment, decree, or order of a court of the United States or of any other court which is entitled to full faith and credit in this state.

The United States Supreme Court has held that states are obliged by Article 4, section 1 of the United States Constitution[3] to give full faith and credit to a judgment of a sister state if that judgment is definite and certain and for a specific amount. *Barber v. Barber*, 62 U.S. (21 How.) 582, 16 L.Ed. 226 (1858). But if the judgment is subject to modification by the rendering court, it need not be afforded full faith and credit. *Sistare v. Sistare*, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905 (1910).

Defendant argues that the Wisconsin judgment is not entitled to full faith and credit because support and maintenance arrearages are subject to retroactive modification or forgiveness under Wisconsin law.[4] We find this argument unpersuasive.

█ Defendant ignores the fact that the judgment at issue here is one for a specific amount. There is no question that the judgment is "final" for full faith and credit purposes subject to the usual grounds justifying the vacation of any other money judgment. In any event, we have previously held that unmodified provisions in a foreign judgment requiring the payment of alimony and child support are final as to installments which have accrued and are entitled to full faith and credit in this state. *Haas v. Haas*, 282 Minn. 420, 165 N.W.2d 240 (1969); *Holton v. Holton*, 153 Minn. 346, 190 N.W. 542 (1922).

We conclude that the Wisconsin judgment is a "foreign judgment" within the meaning of section 548.26. Plaintiff therefore was entitled to utilize the alternative procedure set forth in the Uniform Act.

A foreign judgment filed under the Uniform Act is essentially converted to a Minnesota judgment:

A copy of any foreign judgment authenticated in accordance with the act of Congress or the statutes of this state may be filed in the office of the clerk of any district court of this state. The clerk shall treat the foreign judgment in the same manner as a judgment of any district court or the supreme court of this state. *A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a district court or the supreme court of this state, and may be enforced or satisfied in like manner.*

Minn.Stat. § 548.27 (1980) (emphasis added).

█ Minnesota law is thus applicable in determining whether there are grounds to vacate the Wisconsin judgment. One of the grounds justifying relief from a judgment is set forth in Minn.R.Civ.P. 60.02(4):

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment (other than a divorce decree), order, or proceeding and. may order a new trial or grant such other relief as may be just

---

**3.** The full faith and credit clause of the Federal Constitution provides:

"Full Faith and Credit shall be given in each State to the public Acts, Records and Judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof."

U.S.Const. art. IV, § 1.

**4.** Pursuant to Wis.Stat. § 247.32 (1977) (current version at Wis.Stat.Ann. § 767.32(1) (West Spec. Pamphlet 1981) the family court is authorized to revise a divorce decree respecting the amount of child support or maintenance ordered and the payment thereof. Past arrearages may also be cancelled in certain circumstances. *Rust v. Rust*, 47 Wis.2d 565, 177 N.W.2d 888 (1970).

for the following reasons: * * * (4) the judgment is void.

A void judgment is one rendered in the absence of jurisdiction over the subject matter or the parties. *Lange v. Johnson*, 295 Minn. 320, 323, 204 N.W.2d 205, 208 (1953).

■ Because defendant, although served, did not appear in the proceedings resulting in the Wisconsin judgment and did not litigate the jurisdictional issue, he is not bound on that issue by the doctrine of *res judicata*. Compare *Williams v. North Carolina*, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577 (1945) *with Sherrer v. Sherrer*, 334 U.S. 343, 68 S.Ct. 1087, 92 L.Ed. 1429 (1948) *and Coe v. Coe*, 334 U.S. 378, 68 S.Ct. 1094, 92 L.Ed. 1451 (1948). A collateral attack on the Wisconsin judgment on the ground that the Wisconsin Circuit Court lacked jurisdiction is thus available to defendant.

■ There is no merit to defendant's contention that the Wisconsin court lacked subject matter jurisdiction over the proceeding resulting in the judgment for arrearages. Wisconsin law vests the circuit courts with broad jurisdiction over all actions affecting marriage, including the authority to do all

**5.** Wis.Stat. § 247.01(1) (1977) (current version at Wis.Stat.Ann. § 767.01(1) (West Spec. Pamphlet 1981)) provides in relevant part:

247.01 *Jurisdiction.* The circuit courts have jurisdiction of all actions affecting marriage * * *, and have authority to do all acts and things necessary and proper in such actions and to carry their orders and judgments into execution as prescribed in this chapter. All such actions shall be commenced and conducted and the orders and judgments therein enforced according to these statutes in respect to actions in circuit court, as far as applicable * * *.

**6.** Prior to the amendment of Wis.Stat. § 247.30 (1977), Act of Oct. 21, c. 105, § 46, 1977 Wis. Laws 560, 574, the circuit courts had no authority to enter money judgments for arrearages on child support and maintenance payments. Enforcement was confined to contempt proceedings. *E. g. Rust v. Rust*, 47 Wis.2d 565, 177 N.W.2d 888 (1970). Defendant contends that the law in existence in 1960 is applicable to the subsequent proceeding and therefore the Wisconsin Circuit Court was without jurisdiction to order the money judgment in favor of plaintiff. Defendant is actually arguing that the circuit court exceeded its authority once it exercised subject matter jurisdiction. Al-

acts necessary and proper to carry their orders and judgments into execution as provided in chapter 247.[5]

■ Although it has been held that death or attainment of majority status of a child terminates the jurisdiction of the circuit courts to *modify* a judgment for child support, *Halmu v. Halmu*, 247 Wis. 124, 19 N.W.2d 317 (1945), the circuit courts retain subject matter jurisdiction to *enforce* outstanding child support obligations. The fact that defendant subsequently left the State of Wisconsin did not divest the circuit court of the power to hear plaintiff's motion for unpaid support and maintenance installments accrued pursuant to the 1961 divorce decree.[6] *See Haas v. Haas*, 282 Minn. 420, 165 N.W.2d 240 (1969); *Holton v. Holton*, 153 Minn. 346, 190 N.W. 542 (1922).

We next turn to the issue of personal jurisdiction. Defendant argues that independent jurisdictional contacts must be established in enforcement proceedings and since he has had no contacts with the State of Wisconsin since 1961, the judgment is void for lack of personal jurisdiction.[7] We disagree.

though this argument goes beyond the jurisdictional issues before this court on appeal, we note in passing that the amendment authorizing money judgments for past due support installments was effective for all proceedings commenced after February 1, 1978. Act of Oct. 21, c. 105, § 62, 1977 Wis.Laws 560, 579.

**7.** Wisconsin has enacted a special statute governing personal jurisdiction over a nonresident defendant in actions affecting marriage. Wis. Ann.Stat. § 801.05(11) (West Cum.Supp.1981) provides for personal jurisdiction as follows:

(11) CERTAIN MARITAL ACTIONS. [I]n any action affecting the family in which a personal claim is asserted against the respondent commenced in the county in which the petitioner resides at the commencement of the action when the respondent resided in this state in marital relationship with the petitioner for not less than 6 consecutive months within the 6 years next preceding the commencement of the action and the respondent is served personally under s. 801.11. The requirements of the statute have not been met; defendant has not resided in Wisconsin since 1961. However, we find the Wisconsin long-arm statute to be inapplicable to the sub-

■ Although the Wisconsin courts have not addressed this precise issue, it is well settled that the circuit courts retain continuing jurisdiction to revise a judgment for alimony and support payments. *Rust v. Rust*, 47 Wis.2d 565, 177 N.W.2d 888 (1970). And in *Anderson v. Anderson*, 82 Wis.2d 115, 261 N.W.2d 817 (1978), while recognizing that the court lacked jurisdiction to revise or modify a child support provision once the child reached the age of majority, it was held that an alimony-support offset could nevertheless be made because the court still had jurisdiction over the parties to the divorce. The principles set forth in *Dillon v. Dillon*, 46 Wis.2d 659, 176 N.W.2d 362 (1970), are also instructive. In that case, the constitutionality of the Wisconsin statutes authorizing *in personam* jurisdiction over a nonresident defendant in a divorce action was upheld against a due process challenge. The court further declared that jurisdiction over a nonresident defendant personally served outside the state would also exist in subsequent proceedings for modifications of the divorce judgment.

■ It is our view that the Wisconsin Supreme Court would hold that the circuit courts have continuing jurisdiction over the parties to enforce a divorce decree as well as to modify that decree. Entry of a money judgment for arrearages is incidental to the original divorce action in which there was personal jurisdiction. Because it is not an independent action but merely a method of effective enforcement, there is no requirement of independent jurisdictional contacts. Due process is satisfied by notice to the nonresident defendant of the enforcement proceeding[8] through personal service. Contrary to defendant's assertions, the Wisconsin court had jurisdiction to render a valid *in personam* judgment against defendant; personal jurisdiction over defendant was retained to enforce the support and maintenance provisions of the 1961 divorce decree. Defendant appeared personally and by counsel in the divorce proceeding resulting in the original divorce judgment; there is no dispute that jurisdiction was proper in the main action. In the subsequent proceeding for arrearages, plaintiff merely sought to have the 1961 decree enforced according to its terms; no new relief was sought. Defendant was notified by personal service in Minnesota of that proceeding but chose not to appear.

We recently reaffirmed the principle that under Minnesota law our courts have continuing jurisdiction over nonresidents in proceedings of this type. *Bjordahl v. Bjordahl*, 308 N.W.2d 817 (Minn.1981). In *Bjordahl*, we addressed the issue of whether sufficient minimum contacts existed to satisfy contemporary constitutional standards of due process. Our discussion there is dispositive of defendant's constitutional argument in the case at bar.

The remaining issue on appeal is whether the district court erred in conditioning a stay of execution upon the posting of a bond by defendant for twice the amount of judgment. The district court was of the opinion that it had no discretion regarding the amount or conditions of the bond in light of Minn.Stat. § 550.36 (1980).[9]

■ Section 548.29, subd. 2 of the Uniform Act authorizes the district court to

sequent proceeding for enforcement of the 1961 divorce decree.

8. To the extent that *Haas v. Haas*, 282 Minn. 420, 165 N.W.2d 240 (1969), and *Holton v. Holton*, 153 Minn. 346, 190 N.W. 542 (1922), authorize foreign enforcement proceedings without notice to the defaulting party, they are expressly overruled.

9. That statute provides:
  Execution of a judgment for the payment of money only shall be stayed for six months if, within ten days after the entry thereof, the judgment debtor shall file with the clerk a bond, running to the judgment creditor, his

personal representatives and assigns, *in double the amount of the judgment*, to be approved by the court, and conditioned for the payment of the judgment, with interest during the time for which the stay is granted. Interest shall be computed in the same manner and at the same rate provided for interest on verdicts in section 549.09. Within two days thereafter notice that such bond has been filed, with a copy of the same, shall be served on the judgment creditor, if he be a resident of the county, or upon his agent or attorney, if he have one, and the judgment creditor may except to the sufficiency of the bond; and, upon his application upon notice or order to show cause, the court, if it find

stay the enforcement of a foreign judgment "upon requiring the same security for satisfaction of the judgment which is required in this state." Section 550.36 provides that a judgment debtor may obtain a stay of enforcement of a money judgment as a matter of right by filing an appropriate bond. The statutory procedure is merely an additional method by which a stay may be had; the district court retains the discretion to order a stay of entry of judgment, Minn. R.Civ.P. 58.02, or stay its enforcement, Minn.R.Civ.P. 62 upon conditions it deems proper for the security of the adverse party. Because the district court erroneously concluded that section 550.36 superseded its discretionary powers under the rules, we direct the court to reconsider its ruling on the bond upon remand.

This matter is remanded for further proceedings; a finding of jurisdiction is not a ruling on the merits. On remand, defendant may assert any other grounds he may have for reopening or vacating the judgment.

the bond insufficient, may order execution to issue notwithstanding the same, unless the judgment debtor give such further bond as it shall deem sufficient. If the condition of any such bond be not performed, the execution shall issue for the amount of the judgment, with interest and costs, against the judgment debtor and the sureties. When an execution issues against sureties the officer shall certify in his return what amount, if any, was collected from them and the date thereof. If a stay be granted after execution issued, any levy made thereon shall be released and the execution shall be returned and the reason noted by the officer.

(emphasis added).